# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| WYNDHAM VACATION RESORTS, INC., | ) ) ) | Case No. 3:12-cv-559 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Nixon |
| | ) | Magistrate Judge Knowles |
| WESLEY FINANCIAL GROUP, LLC CHARLES MCDOWELL, III, and JOHN and JANE DOES 1-10, | ) ) ) ) ) | **JURY DEMAND** |
| Defendants. | ) | |

## CASE MANAGEMENT ORDER

The Parties have prepared this Order, pursuant to Local Rule 16.01, which will be filed with the Court and supplemented from time to time as necessary.

The Complaint was filed on June 1, 2012. Service on Defendant Wesley Financial Group, LLC ("Wesley") was made on June 6, 2012. Service on Defendant Charles McDowell, III ("McDowell") was made on June 11, 2012. The Defendants filed their Answer on June 27, 2012. Defendants filed an Amended Answer on July 3, 2012.

**1.** **Jurisdiction.** The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000.00. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. § 1391(a)(1) and (2). Jurisdiction and venue are not in dispute.

**2.** **Plaintiff's Theory of the Case.** Defendant Charles McDowell, III ("McDowell"), a former employee of Wyndham Vacation Resorts, Inc. ("Wyndham"), formed Defendant

Wesley Financial Group, LLC ("Wesley") for the purpose of exploiting Wyndham's trade secrets, which he obtained during his employment with Wyndham, and unfairly interfering with Wyndham's business and contractual relationships by encouraging, helping, and pressuring Wyndham's clients and property owners to breach their agreements with Wyndham. McDowell's actions in this regard are in violation of his employment agreement with Wyndham and Tennessee law.

To further McDowell and Wesley's wrongful conduct, McDowell and Wesley are gathering and compiling Wyndham's trade secret and confidential information and are hiring former Wyndham employees, and attempting to hire current Wyndham employees, including John and Jane Does 1-10 for the purpose of further exploiting Wyndham's confidential information. McDowell and Wesley's actions in hiring John and Jane Does 1-10 interferes with Wyndham's contractual relations with John and Jane Does 1-10 and is the unlawful procurement of breach of contract. John and Jane Does 1-10's actions on behalf of Wesley are breaches of John and Jane Does 1-10's employment contracts with Wyndham.

Further, Defendants are engaging in the unauthorized practice of law by providing legal advice and counsel even though none of the Defendants are licensed to practice law. Defendants are also purposefully creating confusion in the marketplace in order to have Wyndham clients and property owners breach their agreements with Wyndham. These actions constitute unfair competition, are a violation of Tennessee's Consumer Protection Act, and wrongfully interfere with Wyndham's current and prospective business relations.

As a direct and proximate result of Defendants' actions Wyndham has suffered

significant financial harm for which it is entitled to damages in an amount to be determined at trial and liquidated damages under the terms of Wyndham's employment contracts with Defendants McDowell and John and Jane Does 1-10. Further, Wyndham is entitled to punitive and exemplary damages and an award of treble damages. Wyndham should be awarded its reasonable attorneys' fees, costs, and expenses. Wyndham has also suffered irreparable harm including the loss of goodwill and the exposure of its trade secrets for which Wyndham is entitled to both monetary damages and equitable relief including, but not limited to both a preliminary and permanent injunction against Defendants.

3. **Defendants' Theory of the Case.** The Defendants deny that they are liable to the Plaintiff under any theory. Defendants deny that they have violated any laws, interfered with any contractual rights of Plaintiff, conspired with any others or breached any contract or agreement with any party. Defendants further deny that they have practiced law as alleged in the complaint and further deny using any confidential or proprietary information or materials of plaintiff.

4. **Identification of the Issues.** Issues Resolved: Jurisdiction and Venue. Issues Still in Dispute: All other issues, including liability, defenses, Plaintiff's right to equitable relief, and claimed damages.

5. **Need for Other Claims or Special Issues.** None

6. **Initial Disclosures and Staging of Discovery.**

    a. **Initial Disclosures**. Pursuant to Fed. R. Civ. P. 26(a)(1), all Parties must make their initial disclosures within 14 days after the initial case management conference.

b. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the Parties have met and conferred in good faith and are unable to resolve their differences.

c. **Electronic Discovery**. The default standard contained in Administrative Order No. 174 shall apply to this case unless the Parties otherwise reach agreements on how to conduct electronic discovery.

d. **Discovery Cut-off**. All fact discovery is to be completed by **January 18, 2013**. All discovery must be served so that responses are to be due by no later than the discovery cutoff date of January 18, 2013. Discovery-related Motions due Jan. 25, 2013.

7. **Dispositive Motions.**

a. All dispositive motions are to be filed by **March 15, 2013.** Responses are to be filed by **April 15, 2013.** Replies are to be filed by **April 29, 2013**. If dispositive motions are filed early, the response and reply deadlines are moved up accordingly.

.

.

.

.

b. Briefs in support of dispositive motions and responses shall not exceed 25 pages absent leave of court. Reply briefs shall not exceed 10 pages absent leave of court.

8. **Other Deadlines.**

a. Any motion to amend the pleadings shall be filed no later than **November 28,**

**2012**.

    b.    On or before **December 10, 2012,** the Parties shall disclose to each other (<u>not</u> file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

    c.    On or before **January 14, 2013**, The Parties shall disclose to each other (<u>not</u> file with the Court) the identity of their expert rebuttal witnesses and provide all the information specified in rule 26(a)(2)(B).

    e.    On or before **February 15, 2013**, the Parties shall take any desired deposition of experts.

    f.    Any supplements to the reports of experts on dispositive matters shall be made and disclosed no later than **February 28, 2013**.

**9.** **Alternate Dispute Resolution.** The Parties have not reached an agreement with regard to mediation.

**10.** **Trial Date.** The jury trial is set for August 13, 2013, at 9:00 a.m. before Judge Nixon, to last four days. The pretrial conference is set for August 2, 2013, at 10:00 a.m.

**11.** **Modification.** This order may be modified for good cause.

It is so **ORDERED.**

**ENTERED** this _____ day of _____, 2012

_____
E. Clifton Knowles
U.S. Magistrate Judge

5