UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

---

| | | |
|---|---|---|
| WYNDHAM VACATION RESORTS, INC., | ) ) ) | Case No. 3:12-cv-559 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Nixon |
| | ) | Magistrate Judge Knowles |
| WESLEY FINANCIAL GROUP, LLC CHARLES MCDOWELL, III, and JOHN and JANE DOES 1-10, | ) ) ) ) | **JURY DEMAND** |
| Defendants. | ) ) | |

---

## MOTION TO PROHIBIT DEFENDANTS FROM RELYING UPON ANY WITNESSES, DOCUMENTS OR EVIDENCE IN SUPPORT OF ITS CLAIMS OR DEFENSES PURSUANT TO RULE 37(c)(1)

---

Comes now the Plaintiff, Wyndham Vacation Resorts, Inc. ("Wyndham") and moves this Honorable Court for an Order, pursuant to Fed.R.Civ.P. 37(c)(1), prohibiting Defendants from relying upon any witnesses, documents or evidence in support of its claims or defenses as Defendants failed to properly disclose witnesses, documents or evidence pursuant to Fed.R.Civ.P. 26(a). The reasons for granting this Motion are as follows:

(1) Fed.R.Civ.P. 37(c)(1) "provides a self-executing sanction for failure to make required disclosure required by Rule 26(a), without the need for a motion [to compel] under subdivision (a)(2)(A)." Advisory Comm. Notes, 1993 Rev.;

(2) Fed.R.Civ.P. 37(c)(1) prevents a party from using as evidence any witness or information that, without substantial justification, has not been disclosed as required by Rule 26(a). Id.; see also Advisory Comm. Notes, 1993 Rev. ("This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56.");

(3) Defendants failed to make any substantial effort to comply with disclosure requirements pursuant to Fed.R.Civ.P. 26(a);

(4) Defendants' Fed.R.Civ.P. 26(a)(1)(A)(i) Initial Disclosures are as follows:

1. Charles McDowell
   May be contacted through counsel

2. Employees of Wesley Financial Group (Hereinafter "WFG")
   May be contacted through counsel

3. Any person disclosed by Plaintiff

See (Exhibit # 1, Defendants' Initial Disclosures);

(5) Defendants designation of "Employees of Wesley Financial Group" does not identify by name, address and telephone each individual possessing discoverable information as mandated by Fed.R.Civ.P. 26(a)(1)(A)(i) ("the name and, if known, the address and telephone number of each individual likely to have discoverable information");

(6) Defendants did not make any effort to provide the "discoverable information" that each individual possesses as mandated by Fed.R.Civ.P. 26(a)(1)(A)(i) ("along with the subjects of that information — that the disclosing party may use to support its claims or defenses");

(7) Defendants identified Charles McDowell, but failed to identify **_any_** of the "discoverable information," by topics or otherwise, he possesses pursuant to Fed.R.Civ.P. 26(a)(1)(A)(i) ("along with the subjects of that information — that the disclosing party may use to support its claims or defenses");

(8) Defendants' Fed.R.Civ.P. 26(a)(1)(A)(i) Initial Disclosures are is as follows:

1. Documents referred to the in the Complaint.
2. Any documents identified or disclosed during discovery.

See (Exhibit # 1, Defendants' Initial Disclosures)

(9) Defendants do not identify by category or location any documents, evidence or electronically stored information that may be utilized to support Defendants' claims or defenses as mandated by Fed.R.Civ.P. 26(a)(1)(A)(ii) ("a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses").

3

(10)     In addition to the blatantly deficient content of the disclosures, Defendants improperly submitted a two page deficient disclosure on behalf of multiple Defendants or multiple parties.  Rule 26 notes that a "party shall" provide Rule 26 disclosures.  Fed.R.Civ.P. 26(a)(1).  Disclosures should be submitted on behalf of each Defendant/party separately as each Defendant/party is bound by the disclosures and may possess different basis and degrees of knowledge inapplicable to the other Defendants.

(11)     Wyndham made a good-faith effort to resolve this issue.  See (Exhibit # 2, Correspondence);

(12)     On September 12, 2012, Wyndham's counsel forwarded a correspondence to Defendants' counsel outlining the disclosure deficiencies and requesting that Defendants' provide proper disclosures on or before September 19, 2012.  See (Exhibit # 2, Correspondence);

(13)     Wyndham's September 12 advised that Defendants should "provide separate disclosures for each "party."  See (Exhibit # 2, Correspondence);

(14)     Defendants have remained non-responsive to the September 12, 2012, correspondence; and

(15)     Defendants failed to address any issues raised in the September 12, 2012, correspondence.  Defendants did not request additional time to provide disclosures.  Defendants

4

Case 3:12-cv-00559   Document 24   Filed 09/28/12   Page 4 of 6 PageID #: 406

failed to update or supplement the deficient disclosures and Defendants have not made any additional effort to substantially comply with Fed.R.Civ.P. 26(a).

## **CONCLUSION**

The exclusion sanction contained in Fed.R.Civ.P. 37(c)(1) is self-executing and does not require a Rule 37(a) Motion to Compel. Defendants are precluded, pursuant to Rule 37(c)(1), from relying upon any undisclosed witnesses, documents or evidence within the ambit of Rule 26(a) to support a claim or defense. Accordingly, Wyndham seeks an Order prohibiting Defendants from relying upon any witnesses, documents or evidence in support of its claims or defenses as Defendants failed to properly disclose witnesses, documents or evidence pursuant to Fed.R.Civ.P. 26(a). The reasons for granting this motion are more fully set forth in the Memorandum being filed contemporaneously herewith.

Respectfully Submitted,

By: /s/R. Douglas Hanson, II
R. Eddie Wayland (6045)
R. Douglas Hanson, II (017387)
Andrew W. Coffman (27160)
King & Ballow
1100 Union St. Plaza
315 Union St.
Nashville TN 37201
615-726-5491
rew@kingballow.com
acoffman@kingballow.com

Counsel for Plaintiff, *Wyndham Vacation Resorts, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to the following:

Andrea Taylor McKellar, BPR# 019618
Lyndsay Smith Hyde, BPR# 024715
411 Broadway, Suite 302
Nashville, TN 37203
T: (615) 866-9828
F: (615) 866-9863
amckellar@mckellarhyde.com
lhyde@mckellarhyde.com

/s/R. Douglas Hanson, II
R. Douglas Hanson, II