IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WYNDHAM VACATION RESORTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:12-cv-559 |
| v. | ) ) | Judge Haynes |
| WESLEY FINANCIAL GROUP, LLC, CHARLES MCDOWELL, III, And JOHN AND JANE DOES 1-10, | ) ) ) ) | JURY DEMAND |
| Defendants. | ) ) | |

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Fed. R. Civ. P. 56(c), Defendants Wesley Financial Group, LLC and Charles McDowell, III state the following undisputed material facts in support of their Motion for Summary Judgment:

1. Mr. McDowell worked for Wyndham from November 16, 2007 to October 31, 2008. (First Amended Complaint, p. 9, ¶ 28).

   **RESPONSE:**

2. Mr. McDowell signed a Salesperson Agreement with Wyndham on or around the same time his employment began. (First Amended Complaint, p. 9, ¶¶ 37-38).

   **RESPONSE:**

3. The Salesperson Agreement contained a Covenant Not To Solicit. (First Amended Complaint, Ex. B, p. 9, ¶¶ 37-38).

**RESPONSE:**

    4.    That Covenant states as follows:

> Salesperson agrees that, for a period of twelve (12) months after Salesperson's termination of employment, whether such termination is at Salesperson's or WVR's initiative and whether for cause or without cause, Salesperson will not, for himself/herself or for any person, firm, business, corporation or other entity with which he/she is or may become associated in any capacity, engage in any of the following: (i) hire, offer to hire, recommend for hiring, contact, solicit, suggest, persuade, attempt to persuade, or identify for recruiting purposes any employee of WVR or any person who worked or provided services for WVR for employment or for the establishment of any other business relationship including retention as a consultant or independent contractor; (ii) contact solicit, suggest, persuade, or attempt to persuade any individual or entity that is a customer of or owner with WVR to discontinue his, her, or its relationship with WVR; (iii) contact solicit, suggest, persuade, attempt to persuade, or identify for sales or marketing purposes any person whom Salesperson, as a result of her/her [sic] employment with WVR, met, communicated with, contacted, identified, or whose identity became known to Salesperson as a potential purchaser of timeshare, vacation club or related products or services for the establishment of any business or contractual relationship relating to the purchase of timeshare, vacation club, or related services, and (iv) contact, solicit, suggest, persuade, or attempt to persuade any persons or entities with which WVR has contracted to provide goods or services to discontinue their relationship with WVR."

(First Amended Complaint, Ex. B, p. 9, ¶ 38).

    **RESPONSE:**

    5.    Mr. McDowell began working with Timeshare Advocacy International, Inc. (hereinafter "TAI") following the termination of his employment with Wyndham. (Verified Complaint, Docket Entry 1, p. 13, ¶ 50).

6. TAI is a company that assisted timeshare owners in trying to obtain a cancellation or revocation of their timeshare contracts. (*Id.*).

**RESPONSE:**


7. On November 1, 2010, Wyndham filed a lawsuit against TAI, Mr. McDowell, and another former Wyndham employee, Sean Austin, in the United States District Court for the Middle District of Tennessee (hereinafter "the Earlier Suit"). (*Id.* at ¶ 51; *see also Wyndham Vacation Resorts, Inc. v. Timeshare Advocacy International, LLC, Sean Austin, and Charles McDowell*, Docket No. 3:10-cv-01028 (hereinafter the "TAI Complaint")) .

**RESPONSE:**


8. In the Earlier Suit, Wyndham brought causes of action for violation of the Tennessee Uniform Trade Secret Act (hereinafter "TUTSA"), Unauthorized Practice of Law, International Interference with Business Relations, Civil Conspiracy, Breach of Contract, Unfair Competition, Procurement of Breach of Contract, violation of the Tennessee Consumer Protection Act (hereinafter "TCPA"), and Unjust Enrichment. (*See* TAI Complaint).

**RESPONSE:**


9. Following a three-day jury trial in this very Court, the jury returned a full defense verdict. (*See Wyndham v. TAI*, 3:10-cv-1028, Final Order, Docket Entry 165, July 19, 2012).

**RESPONSE:**

10. Specifically, the jury returned a Verdict Form stating that Wyndham did not provide Mr. McDowell with any trade secrets during his employment with Wyndham; Mr. McDowell did not violate the terms of his employment agreement with Wyndham; Mr. McDowell did not intentionally interfere with Wyndham's business relationships in regard to Wyndham's customers who had contracts with Wyndham; Mr. McDowell did not engage in a civil conspiracy to intentionally interfere with Wyndham's business relationships with its customers who had contracts with Wyndham; Mr. McDowell did not violate the TCPA when he engaged in communications and used letters to communicate with Wyndham's customers who had contracts with Wyndham; Mr. McDowell was not liable for unfair competition; and Mr. McDowell was not unjustly enriched. (*Id.*, Verdict Form, Docket Entry 162, July 19, 2012).

**RESPONSE:**

11. In the instant matter, Wyndham has brought claims for violation of TUTSA, the Unauthorized Practice of Law, Intentional Interference with Business Relations, Civil Conspiracy, Breach of Contract, Unfair Competition, Procurement of Breach of Contract, violation of the TCPA, Unjust Enrichment, Theft and Misappropriation, Breach of Fiduciary Duty, and Breach of Continuing Duty of Loyalty. (*See* Complaint).

**RESPONSE:**

12. In the Earlier Suit, Wyndham alleged that TAI was a company that "in exchange for a fee" would "'help' individuals with the cancellation of their timeshare contracts and facilitate a full refund of the money the individuals have paid for the timeshare under the terms of the timeshare contract." (TAI Complaint, p. 7, para. 20).

**RESPONSE:**

13. In the instant matter, Wyndham alleges that WFG is a company that "'assist[] timeshare buyers who feel they have been misled or had deceitful sales tactics used against them during the purchase of their timeshare' …Purportedly, '[Wesley] helps those who no longer want their timeshare to transfer their ownership out of their name, in turn removing them from any communication with the timeshare company.'" (First Amended Complaint, p. 10, ¶ 42).

**RESPONSE:**

14. In the Verified Complaint in this matter, when explaining the similarities between the prior lawsuit and the current lawsuit, Wyndham explicitly states that it is claiming "that TAI and Mr. McDowell engaged in the same or similar conduct and business practices as alleged herein." (Verified Complaint, p. 13, ¶ 51).

**RESPONSE:**

15. Wyndham apparently believed the two cases were related and so similar that it argued that this case should be reassigned to Judge Haynes – the same Judge who presided over the Earlier Case – because such reassignment would "preserve judicial time

and resources, as well as that of the parties." (Motion to Reassign Case to Judge Haynes Pursuant to Administrative Order No. 176, Docket Entry 20).

**RESPONSE:**


16. Defendants agreed that Wyndham's motion to reassign should be granted because the cases arose out of the same transactions or occurrences, involve the same parties and seek the same relief. (Defendants' Response to Motion to Reassign, Docket Entry 23).

**RESPONSE:**


17. Wyndham did not appeal the judgment in the Earlier Suit, and such judgment has become final. (*See Wyndham v. TAI*, 3:10-cv-1028).

**RESPONSE:**


18. Wyndham is the party against whom collateral estoppel is being asserted.

**RESPONSE:**


19. Wyndham was a party to the Earlier Suit.

**RESPONSE:**


20. Mr. McDowell has not worked for Wyndham since October 2008. (First Amended Complaint, p. 9, ¶ 28).

**RESPONSE:**

21. WFG was not formed until over three years after Mr. McDowell's last day with TAI. (First Amended Complaint, p. 17, ¶ 75).

**RESPONSE:**


22. Moreover, the specific actions that Wyndham complains about occurred beginning in 2012. (First Amended Complaint pp.53-56).

**RESPONSE:**


23. The Covenant Not to Solicit in Mr. McDowell's Salesperson Agreement expired on October 31, 2009. (First Amended Complaint, Ex. B, p. 9, ¶ 38).

**RESPONSE:**



Respectfully Submitted,

**MCKELLAR|HYDE, PLC**


/s/ Lyndsay Smith Hyde
Andrea Taylor McKellar, BPR #019618
Lyndsay Smith Hyde, BPR #024715
411 Broadway, Suite 302
Nashville, TN 37203
T: (615) 866-9828
F: (615) 866-9863
lhyde@mckellarhyde.com

*Counsel for Defendants*
*Charles McDowell, III and*
*Wesley Financial Group, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to the following on the 2nd day of November:

R. Eddie Wayland
Doug Hanson
Andrew W. Coffman
KING & BALLOW
1100 Union Street Plaza
315 Union Street
Suite 1100
Nashville, Tennessee 37201
T: (615) 259-3456
F: (615) 726-5417
*Counsel for Plaintiff*

                                        /s/ Lyndsay Smith Hyde