IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WYNDHAM VACATION )
RESORTS, INC., )
 )
    Plaintiff, )
 )
v. ) No. 3:12-cv-559
 ) Chief Judge Haynes
 )
WESLEY FINANCIAL GROUP, LLC )
CHARLES MCDOWELL, III, and )
JOHN and JANES DOES 1-10, )
 )
    Defendants. )

# ORDER

Before the Court is the Plaintiff's, Wyndham Vacation Resorts, Inc., and Defendants's, Wesley Financial Group, LLC and Charles McDowell, III, joint discovery statement (Docket Entry No. 72). Upon review of the joint discovery statement, the following discovery is granted or denied:

### A. McDowell Interrogatories

2.    Identify each and every person who has knowledge or information, first hand or otherwise, relating to any facts or allegations made in Wyndham's Complaint, any Answer or other pleading filed in this lawsuit, or any defenses relating to this lawsuit and a brief description of the facts and circumstances known by that person.

Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part** as to the McDowell Interrogatory No. 2. This interrogatory should be limited in scope to the information that Defendant has in its files. See Oates v. Target Corp., No. 11-cv-14837, 2012 WL 4513731, at *7-8 (E.D. Mich. Oct. 2, 2012). The Defendants are **ORDERED** to provide a complete list of any individual that has knowledge related to any facts or allegations made in Wyndham's complain, any

answer or other pleading in this action. With regard to those individuals, the Defendants are **ORDERED** to provide a brief description of the facts and circumstances known by that individual only to the extent that the Defendants have this information in their files.

3. Identify each and every person or entity with whom you communicated from 2011 until the present relating to you forming Wesley, including identifying the communication itself and the date of each communication.

Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part** as to the McDowell Interrogatory No. 3. The Court concludes that this interrogatory is unreasonably broad and burdensome on Defendants and that this interrogatory should be narrowed to a more appropriate scope. The Defendants are **ORDERED** to identify each and every individual with whom Defendants communicated for the purpose of developing Defendant's business plan to recruit and/or solicit Wyndham clients, owners or other individuals related to Wyndham.

4. Identify and describe in detail the nature of Wesley's business, including each and every one of its services, income streams, and potential income streams, and the nature of your duties for Wesley.

Plaintiff's motion to compel is **DENIED** as to the McDowell Interrogatory No. 4. The Court sustains Defendants' objections and concludes that the Defendants' prior answer to McDowell Interrogatory No. 4, provided in Docket Entry No. 72 at 5-6, is responsive.

5. Identify each and every person who has knowledge or information, first hand or otherwise, relating to your solicitation of and/or servicing of past, present, or prospective clients of Wyndham and/or Wyndham Owners since November 1, 2011.

Plaintiff's motion to compel is **GRANTED** as to McDowell Interrogatory No. 5. Defendants objections are overruled and Defendants are **ORDERED** to produce the identity of any individual who has knowledge or information relating to the solicitation and/or of former, current or prospective Wyndham clients and/or owners.

6. Identify each and every past, present, or prospective Wyndham employee or independent contractor you communicated with between November 1, 2011 and the present.

Plaintiff's motion to compel is **GRANTED** as to McDowell Interrogatory No. 6. The Court overrules Defendants' objections. Defendants are **ORDERED** to supplement their responses to include any communications involving Jana Rosson and any other past, present, or prospective Wyndham employee.

7. Identify each and every past, present, or prospective Wyndham client, including Wyndham Owners, you communicated with between November 1, 2011 and the present.

Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part** as to McDowell Interrogatory No. 7. Defendant is **ORDERED** to provide Plaintiff the identity of any part, present, or prospective Wyndham client, including Wyndham Owners that McDowell communicated with between November 2, 2011 and the present that is retained in Defendant's client servicing system PipelineDeals.com. Further, it is **ORDERED** that this information shall only be disclosed to Plaintiff's counsel and that any communication with these clients shall be recorded and transmitted to Defendants.

### B. Wesley Interrogatories

2. Identify each and every person who has knowledge or information, first hand or otherwise, relating to any facts or allegations made in the Wyndham's Complaint, any Answer or other pleading filed in this lawsuit and a description of the facts and circumstances known by that person.

Plaintiff's motion to compel is **GRANTED** as to Wesley Interrogatory No. 2. The Court concludes that Defendants' objections should be overruled.

3. Identify and describe in detail the nature of Wesley's business, including all methods for procuring prospective or new clients, maintain current or former clients, services provided, including, but not limited to, any and all income streams, and the cost charged to clients for

each service.

Plaintiff's motion to compel is **DENIED** as to Wesley Interrogatory No. 3. The Court concludes that this interrogatory is repetitive and sustains Defendants' objection.

4. Identify all employees, agents, contractors, and/or nonemployee consultants employed from your inception onward and provide the name, title, job description, location, dates of employment, and contact information for each person or entity identified.

Plaintiff's motion to compel is **GRANTED** as to Wesley Interrogatory No. 4. The Court concludes that this interrogatory is reasonably likely to lead to admissible evidence.

5. Identify each and every person who has knowledge or information, first hand or otherwise, relating to your solicitation of and/or servicing of past, present, or prospective clients of Wyndham and/or Wyndham Owners since November 1, 2011.

Plaintiff's motion to compel is **GRANTED** as to Wesley Interrogatory No. 5. The Court concludes that this interrogatory is reasonably likely to lead to admissible evidence.

6. Identify each individual computer system or e-mail address that is or had been used by you, your employees, agents, contractors, nonemployee consultants employed by you, and/or any other person purporting to act on your behalf for the period of time from November 1, 2011 to the present, including, but not limited to, desktop computers, portable computers, laptop computers, personal digital assistants (PDAs), tablet computers, telephones, smart phones and other similar electronic devices, including descriptions of equipment and any peripheral technology attached to the computer system.

Plaintiff's motion to compel is **DENIED** as to Wesley Interrogatory No. 6. The Court concludes that this interrogatory is overly broad and unduly burdensome.

8. Identify each and every past, present, or prospective Wyndham client, including Wyndham Owners, you communicated with from your inception onward and provide a description of the substance of that communication.

Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part** as to Wesley

4

Interrogatory No. 8. The Court concludes that this interrogatory is reasonably likely to lead to admissible evidence, however, "[w]here justice so requires, a protective order may issue to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Isaac v. Shell Oil Co., 83 F.R.D. 428, 432 (E.D. Mich. 1979). Here, the Court concludes that based upon the content of this information a protective order should issue. The Defendants are **ORDERED** to produce the information request in this interrogatory, subject to the following protective order: (1) this information should only be disclosed to Plaintiff's counsel; (2) Plaintiff's counsel is prohibited from sharing this information until further Court order; and (3) contact with the Defendants' clients is restricted to inquiries regarding the communication between Defendants and the clients regarding Wyndham.

9. Identify each and every person or entity that became your client or customer, by date, from your inception onward, including providing and the address and contact information for each and every such person or entity.

Plaintiff's motion to compel is **DENIED in part** as to Wesley Interrogatory No. 9. The Court concludes that the scope of this request should be limited to the identification of only those persons or entities that were former Wyndham clients or owners.

10. Identify each and every prospect or sales lists you have used or obtained from your inception to the present and the person, company, or entity from which you received and/or purchased the list, including that person, company, or entity's address and contact information.

Plaintiff's motion to compel is **DENIED in part** as to Wesley Interrogatory No. 9. The scope of this request is limited to the identification of only those prospect or sales lists that Defendants obtained from any person or entity currently or previously associated with Wyndham.

## C. Wesley Requests for Inspection

1. Any computer, computer discs, CD ROMS, jump drives, thumb drives, and other digital storage media, including, but not limited to hard drives, printers and/or any other connecting electric accessories, on which any computer file, document and/or ESI were accessed or created by you from a computer, server, or computer network.

    Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part** as to Wesley Request for Inspection No. 1. The parties are **ORDERED** to meet and determine appropriate search phrases or terms to limit the scope of the Plaintiff's searches. If parties cannot agree on any appropriate search terms or phrases the parties must notify Court and the Court will appoint a computer expert to devise search terms and/or phrases.

2. Access to the mail domain: wesleyfinancialgroup.com, including, but not limited to the e-mail address: info@wesleyfinancialgroup.com.

    Plaintiff's motion to compel is **DENIED** as to Wesley Request for Inspection No. 2 as the request is overly broad and unduly burdensome.

## D. Wesley Requests for Production

9. Please produce each and every document which refers to, relates to, or pertains to Interrogatory 9 served on you in this litigation.

    Plaintiff's motion to compel is **GRANTED** as to Wesley Requests for Production No. 9. The Court overrules Defendants' objections.

10. Please produce each and every document which refers to, relates to, or pertains to Interrogatory 10 served on you in this litigation.

    Plaintiff's motion to compel is **GRANTED** as to Wesley Requests for Production No. 10. The Court overrules Defendants' objections.

15. Please produce each and every document which refers to, relates to, or pertains to the formation and/or funding of Wesley.

Plaintiff's motion to compel is **DENIED** as to Wesley Request for Production No. 15. The Court concludes that this request is overly broad and unduly burdensome.

16. Please produce each and every document which refers to, relates to, or pertains to any investors in, owners of, or officers of Wesley.

    Plaintiff's motion to compel is **DENIED** as to Wesley Request for Production No. 16. The Court concludes that this request is overly broad and unduly burdensome.

18. Please produce each and every document which refers to, relates to, or pertains to any of Wesley's employees, agents, nonemployee contractors or any other person purporting to act on behalf of Wesley.

    Plaintiff's motion to compel is **GRANTED in part** as to Wesley Request for Production No. 18. The Court concludes that the scope of this request should be limited to the production of only those documents which refer to, relate to, or pertain to the recruitment or employment of any of Wesley's employees who are also former Wyndham employees.

19. Please produce each and every document which refers to, relates to, or pertains to your employment practice.

    Plaintiff's motion to compel is **DENIED** as to Wesley Request for Production No. 19. The Court concludes that this request is overly broad and unduly burdensome.

20. Please produce each and every document which refers to, relates to, or pertains to your compensation structure, your payroll, your payroll practices, and any bonus structure.

    Plaintiff's motion to compel is **DENIED in part** as to Wesley Request for Production No. 20. This request is limited to only those documents related to the compensation, payroll and bonus structure for any Wesley employee that is a former employee of Wyndham.

24. Please produce each and every document which refers to, relates to, or pertains to Wesley's business practices, including, but not limited to any income streams, potential income streams, sales techniques, and/or services offered.

Plaintiff's motion to compel is **DENIED in part** and **GRANTED in part** as to Wesley Request for Production No. 24. This request is limited to only those documents pertaining to Wesley's business practices related to Wyndham clients.

25. Please produce each and every document which refers to, relates to, pertains to, or comprises Wesley's business plan.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 25. The Court overrules Defendants' objections.

26. Please produce each and every document which refers to, relates to, or pertains to Wesley's sales practices.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 26. The Court overrules Defendants' objections.

27. Please produce each and every document which refers to, relates to, or pertains to the creation and/or maintenance of the website which homepage is found at www.wesleyfinancialgroup.com.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 27. The Court overrules Defendants' objections.

28. Please produce each and every document which refers to, relates to, or pertains to any marketing or advertising of Wesley.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 28. The Court overrules Defendants' objections.

29. Please produce each and every document which refers to, relates to, or pertains to Wesley's marketing plan.

Plaintiff's motion to compel is **DENIED** as to Wesley Request for Production No. 29. The Court concludes that this request is overly broad and unduly burdensome.

30. Please produce each and every document which refers to, relates to, or pertains to any prospect or leads list created, purchased, or used by Wesley.

Plaintiff's motion to compel is **GRANTED in part** as to Wesley Request for Production 30. The Court concludes that this request should be limited to the production of only those documents related to prospects or leads that are also Wyndham clients, owners or former Wyndham clients or owners.

31. Please produce each and every document which refers to, relates to, or pertains to any customer referral bonuses paid by you to employees or third parties.

Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part** as to Wesley Request for Production No. 31. The Court concludes that this request should be limited to the production of those documents related to current or former Wyndham clients and/owners.

32. Please produce each and every document provided to or created for the purpose of providing the document to any Wesley client, potential client, or prospective client.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 32. The Court overrules Defendants' objections.

34. Please produce each and every document which refers to, relates to, or pertains to any client or prospective client file for a Wyndham Owner.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 34. The

Court overrules Defendants' objections.

35. Please produce each and every letter drafted by you for or on behalf of a Wyndham Owner whether or not that letter was sent.

   Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 35. The Court overrules Defendants' objections.

36. Please produce each and every letter drafted by you and intended for receipt by Wyndham, whether or not that letter was ever sent.

   Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 36. The Court overrules Defendants' objections.

38. Please produce any document prepared by you intended to be sent to any state's attorney general, consumer protection agency or any other law enforcement body.

   Plaintiff's motion to compel is **DENIED** as to Wesley Request for Production No. 38. The Court concludes that this request is overly broad and unduly burdensome.

37. To the extent not already produced, please produce each and every document which relates to, refers to, or pertains to any Wyndham Owner.

39. To the extend not already produced, please produce each and every document which refers to, relates to, or pertains to any of Wesley's prospective, former, and/or present clients or customers.

   Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part** as to Wesley Request for Production No. 39. The Court concludes that the scope of this request should be limited to only those documents pertaining to the recruitment or solicitation of current or former Wyndham clients and/or owners.

40. Please produce each and every document which refers to, relates to, or pertains to any of the

"testimonials" found on the webpage www.wesleyfinancialgroup.com/testimonials/.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 40. The Court overrules Defendants' objections.

41. Please produce each and every document which refers to, relates to, or pertains to any contact information, physical or mailing address, e-mail address, or phone number for the individuals identified as "Dawn and Chris Smith," "Frank and Eleanor," "Ramakrihnan," "Ben and Cathy," "Larry and Michelle," "Hugh," and/or "Michael and Diana" on the webpage www.wesleyfinancialgroup.com/testimonials.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 41. The Court overrules Defendants' objections.

42. Please produce each and every document which refers to, relates to, or pertains to any payment from any Wyndham Owner to you.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 42. The Court overrules Defendants' objections.

44. Please produce each and every document which refers to, relates to, or pertains to any communication with any past, present, or prospective client of Wyndham, including any Wyndham Owner.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 44. The Court overrules Defendants' objections.

46. To the extent not already produced, please produce each and every document you possess that was obtained from and/or generated by any past, present, or prospective client of Wyndham, including any Wyndham Owner.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 46. The Court overrules Defendants' objections.

47. Please produce each and every communication and/or document electronically mailed to you from the Wyndham offices, Wyndham computers, and/or Wyndham computer systems.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 47. The Court overrules Defendants' objections.

49. Please produce each and every document which refers to, relates to, pertains to any Request for Admission served on you in this litigation.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 47. The Court overrules Defendants' objections.

50. Please produce each and every document which refers to, relates to, or pertains to any allegation or fact contained in the Complaint.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 50. The Court overrules Defendants' objections.

58. Please produce each and every document which refers to, relates to, pertains or is mentioned in any to your Initial Disclosures.

Plaintiffs's motion to compel is **GRANTED** as to Wesley Request for Production No. 58. The Court overrules Defendants' objections.

51. Please produce you tax records, including but not limited to IRS filings, correspondence, back-up documentation and work papers, from the year 2012 to the present.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 51. The Court overrules Defendants' objections.

53. Please produce each document you are required to maintain pursuant to Tenn. Code Ann. 48-249-406, including, but not limited to the articles and all amendments to the articles, the currently effective operating agreement of the LLC, records of all proceeding of members, records of all proceedings of the board of governors for the last three (3) years, a statement of all contributions accepted by the LLC under Tenn. Code Ann. 48-249-301, the identity of

the contributor and the agreed value of each contribution, all contribution agreements created under Tenn. Code Ann. 48-249-301, and financial information sufficient to provide true and full information regarding the status of the business and financial condition of the LLC.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 53.

54. Please produce each and every document which refers to, relates to, or pertains to any communication between you and your registered agent Wayne Halper.

Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part** as to Wesley Request for Production No. 54. The Court concludes that the scope of this request should be limited to the production of the privilege log for documents responsive to this request.

55. Please produce each and every document which refers to, relates to, or pertains to any communication between you and Sean K. Austin.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 55. The Court overrules Defendants' objections.

57. Please produce each and every document or record (including tape recordings) reflecting, relating to, concerning or memorializing any information pertinent to the subject matter of this case or any information, statement, affidavit, or testimony by persons having knowledge concerning the subject matter of this case.

Plaintiff's motion to compel is **GRANTED** as to Wesley Request for Production No. 57. The Court overrules Defendants' objections and the Defendants are **ORDERED** to product any recordings of current or former Wyndham clients and/or owners pertaining to this action.

### E. McDowell Requests for Physical Invasion

1. Any computer, computer discs, CD ROMs, jump drives, thumb drives, and other digital storage media, including, but not limited to hard drives, printers, and/or any other connecting electric accessories, on which any computer file, document and/or ESI were accessed or created by you from a computer, server, or computer network from August 31, 2008 to the present.

Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part** as to McDowell Request for Physical Invasion No. 1. The parties are **ORDERED** to meet and determine appropriate search phrases or terms to limit the scope of the Plaintiff's searches. If parties cannot agree on any appropriate search terms or phrases the parties must notify Court and the Court will appoint a computer expert to devise search terms and/or phrases.

2. Access to each and every e-mail address or domain within your possession, custody, or control from August 31, 2009, to the present.

Plaintiff's motion to compel is **DENIED** as to McDowell Request for Physical Invasion No. 2. The Court concludes that this request if overly broad and unduly burdensome.

### F. McDowell's Request for Production of Documents

4. Please produce each and every document which refers to, relates to, or pertains to Interrogatory 4 served on you in this litigation.

Plaintiff's motion to compel is **GRANTED** as to McDowell Request for Production No. 4. The Court overrules Defendants' objections.

15. Please produce each and every document which refers to, relates to, or pertains to the formation and/or funding of Wesley.

Plaintiff's motion to compel is **DENIED** as to McDowell Request for Production of Documents No. 15. The Court concludes that this request is overly broad and unduly burdensome.

16. Please produce each and every document which refers to, relates to, or pertains to Wesley's business practices.

Plaintiff's motion to compel is **GRANTED** as to McDowell Request for Production No. 16. The Court overrules Defendants' objections.

18. Please produce each and every document which refers to, relates to, or pertains to any payment from Wesley to you.

   Plaintiff's motion to compel is **GRANTED** as to McDowell Request for Production No. 18.

The Court overrules Defendants' objections.

19. Please produce each and every document which refers to, relates to, or pertains to any income stream you have used, exploited, or attempted to exploit since November 1, 2001.

   Plaintiff's motion to compel is **DENIED** as to McDowell Request for Production No. 19.

The Court concludes that this request if overly broad and unduly burdensome.

20. Please produce each and every document which refers to, relates to, or pertains to any income stream Wesley has used, exploited, or attempted to exploit since November 1, 2011.

   Plaintiff's motion to compel is **DENIED** as to McDowell Request for Production No. 20.

The Court concludes that this request is overly broad and unduly burdensome.

21. Please produce each and every document which refers to, relates to, or pertains to any marketing or advertising for Wesley.

   Plaintiff's motion to compel is **GRANTED** as to McDowell Request for Production No. 21.

The Court overrules Defendants' objections.

23. Please produce each and every document which refers to, relates to, or pertains to any person you have hired as an employee, agent, or nonemployee contractor, from November 1, 2011 to the present.

   Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part** as to McDowell Request for Production No. 23. The Court concludes that the scope of this request should be limited to only those documents relating to the hiring of any employee, agent or nonemployee contractor that is a former employee, agent, or nonemployee contractor of Wyndham.

28. Please produce each and every document which refers to, relates to, or pertains to any communication with any past, present, or prospective client of Wyndham, including any Wyndham Owner, from November 1, 2011 to the present.

Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part** as to McDowell Request for Production No. 28. The Court concludes that the scope of this request should be limited to only those communications that includes any information about Wyndham.

30. To the extent not already produced, please produce each and every document you possess that was obtained from and/or generated by any past, present, or prospective client of Wyndham, including any Wyndham Owner, from November 1, 2011 to the present.

Plaintiff's motion to compel is **GRANTED** as to McDowell Request for Production No. 30. The Court overrules Defendants' objections.

34. Please produce each and every document which refers to, relates to, or pertains to any Request for Admission served on you in this litigation.

Plaintiff's motion to compel is **GRANTED** as to McDowell Request for Production No. 34. The Court overrules Defendants' objections.

35. Please produce each and every document which refers to, relates to, or pertains to any allegation or fact contained in the Complaint.

Plaintiff's motion to compel is **GRANTED** as to McDowell Request for Production No. 35. The Court overrules Defendants' objections.

40. Please produce each and every document which refers to, relates to, or pertains to any of your Initial Disclosures.

Plaintiff's motion to compel is **GRANTED** as to McDowell Request for Production No. 40. The Court overrules Defendants' objections.

36. Please produce your tax records from the year 2011 to the present.

   Plaintiff's motion to compel is **GRANTED** as to McDowell Request for Production No. 36. The Court overrules Defendants' objections.

37. Please produce each and every document which refers to, relates to, or pertains to any communication between you and Sean K. Austin from July 2010 until the present.

   Plaintiff's motion to compel is **GRANTED** as to McDowell Request for Production No. 37. The Court overrules Defendants' objections.

38. Please produce each and every document which refers to, relates to, or pertains to your purchase of any timeshare ownership interest, including, but not limited to your purchase of any Wyndham points.

   Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part** as to McDowell Request for Production No. 38. The Court concludes that the scope of this request should be limited to only those documents regarding Defendant's purchase of Wyndham timeshare interests or points.

39. Please produce each and every document or record (including tape recordings) reflecting, relating to, concerning or memorializing any information pertinent to the subject matter of this case or any information, statement, affidavit, or testimony by persons having knowledge concerning the subject matter of this case.

   Plaintiff's motion to compel is **GRANTED** as to McDowell Request for Production No. 39. The Court overrules Defendants' objections.

   It is so **ORDERED**.

   This the 5th day of February, 2013.

   WILLIAM J. HAYNES, JR.

Chief Judge
United States District Court