IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WYNDHAM VACATION RESORTS, INC.;　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiffs,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)　　No. 3:12-cv-559
v.　　　　　　　　　　　　　　　　　　　　　)　　Chief Judge Haynes
　　　　　　　　　　　　　　　　　　　　　　)
WESLEY FINANCIAL GROUP, LLC,　　　　　)
CHARLES McDOWELL, III and　　　　　　　)
JOHN and JANE DOES 1-10,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　　　　)

# ORDER

Before the Court is Plaintiff's motion for Rule 60 relief from order awarding attorney's fees (Docket Entry No. 153) and Defendants' response (Docket Entry No. 155). Plaintiff also filed a reply. (Docket Entry No. 184).

On June 14, 2013, Plaintiff filed a motion to compel compliance with order seeking Defendants' compliance with discovery disclosures mandated by Fed. R. Civ. P. 26. (Docket Entry No. 94). Defendants responded to the motion (Docket Entry No. 95), arguing that the motion should be denied because Plaintiff failed to comply with Local Rule 37.01, which requires that prior to filing a motion to compel, counsel certifies that they have attempted to confer with opposing counsel in good faith. Plaintiff filed a reply, but did not address its failure to comply with Local Rule 37.01. (Docket Entry No. 99). Judge Bryant denied Plaintiff's motion to compel without prejudice, on the grounds that Plaintiff had not complied with Local Rule 37.01. (Docket Entry No. 102). Based on Judge Bryant's denial, Defendants filed a motion for attorney's fees arising from Fed. R. Civ. P. 37(a)(5)(B) (Docket Entry No. 112). Plaintiffs responded, asserting that relief should not be granted to Defendants, but without offering an alternate Rule, focusing instead on the substance of Judge Bryant's denial. (Docket Entry No. 118). This Court granted Defendants' motion. (Docket Entry No.

144). Plaintiff now argues that this Court should have considered the attorney's fees motion under Fed. R. Civ. P. 37(b)(2)(C) instead of 37(a)(5)(B). In addition, Plaintiff argues the merits of the motion on which attorney's fees were granted. (Docket Entry No. 153). Defendants assert that Plaintiff violated Local Rule 37.01, and as such, regardless of which provision the motion fell under, Plaintiff is not entitled to relief. (Docket Entry No. 155).

Plaintiff failed to specify under which provision of Rule 60 this motion falls under. Under Fed. R. Civ. P. 60(a), a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission, including inadvertent omissions from the record." Mutchler v. Dunlap Mem. Hosp., No. 5:05–cv–883, 2006 WL 2850458, at *1 (N.D. Ohio Oct. 2, 2006). Rule 60(a) only applies to clerical errors, rather than revisiting substantive judgments. Id.

> The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

Pruzinsky v. Gianetti, 282 F.3d 434, 440 (6th Cir. 2002) (citation omitted). "A court does not abuse its discretion when it makes the record 'speak the truth' rather than 'something other than what was originally pronounced.'" Mutchler, 2006 WL 2850458, at *1 (quoting Pruzinsky, 282 F.3d at 440).

Rule 60(b) permits a district court to grant a motion for relief from a final judgment for any of the following reasons:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a

2

> prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

"To be eligible for relief under 60(b)(1), a movant must demonstrate that he has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect." Brown v. White, No. 9603610, 1997 WL 570399, at *2 (6th Cir. Sept. 11, 1997). Rule "60(b)(6) should be used only in exceptional or extraordinary circumstances and can be used only as a residual clause in cases which are not covered under the first five subsections of Rule 60(b)." Pierce v. United Mine Workers of America Welfare and Retirement Fund, 770 F.2d 449, 451 (6th Cir. 1985) (citations omitted). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007) (citations omitted).

In awarding attorney's fees to Defendants, the Court considered the underlying motion and the relief sought, as well as Judge Bryant's ruling on it. In its motion to compel compliance with court order, Plaintiff sought Defendants' compliance with the mandatory disclosures required by Rule 26 (Docket Entry No. 94, at 1). Rule 37(a)(3)(A) authorizes such relief, stating: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." See also Brown v. Wal-Mart Stores, Inc., 507 Fed. App'x 543, 549 (6th Cir. 2012) ("[W]here a motion to compel is denied, the court "must" order the movant to pay reasonable expenses absent special circumstances.") To prevail on the motion, Plaintiff was required by both Fed. R. Civ. P. 37(a) and Local Rule 37.01 to certify that it had conferred with Defendants and attempted in good faith to resolve the dispute. These rules exist to "encourage professionalism and collegiality among litigators and avoid unnecessary court intervention, protracted legal proceedings

and needless expense and fees." Hilton v. State and Fed. Comms., Inc., No. 5:09-cv-01004, 2010 WL 148127 (N.D. Ohio Jan. 7, 2010) (citing Naviant Mktg. Solutions, Inc. V. Larry Tucker, Inc., 339 F.3d 180, 182 (3d Cir. 2003)). If Plaintiff did not file certification of conferral and good faith, Defendants could raise that as a defense, and seek attorneys fees pursuant to Fed. R. Civ. P. 37(a)(5)(B). Plaintiff sought a Rule 26(a) disclosure from Defendants, but did not file certification of conferral and good faith attempts to resolve the dispute. As a result, Judge Bryant correctly denied Plaintiff's motion. Defendants are entitled to attorneys fees under Rule 37(a)(5)(B).

Plaintiff now asserts that Rule 37(b) should apply instead, which would preclude Defendants from being awarded fees. Rule 37(a) applies to both discovery and discovery disputes; Rule 37(b) applies only to discovery, and not to disclosure. See Fed. R. Civ. P. 37; see also Moore's Fed. Prac. 3d § 37.40. Because Plaintiff stated in its initial motion to compel that it was seeking "information and documents required by Rule 26 disclosures," (Docket Entry No. 94), Rule 37(b) cannot apply.

Plaintiff's assertion that the discovery dispute had not been resolved by the required meeting was not relevant to the determination made by the Court. The proper form for addressing such concerns would have been in a motion to reconsider Judge Bryant's order, but because no such motion is before this Court, and no such motion has ever been filed, the assertions about the underlying discovery dispute are not addressed.

For the reasons stated above, Plaintiff's motion states no valid grounds to amend or vacate the Court's judgment on attorney's fees under Rule 60. Plaintiff does not demonstrate a clerical error, nor has it established any of the criteria under Rule 60(b).

Accordingly, Plaintiff's motion for reconsideration (Docket Entry No. 1) is **DENIED**. Defendants' motion for fees and expenses incurred (Docket Entry No. 155) as a result of Plaintiff's motion for Rule 60 relief, motion to reconsider, and motion to strike Docket Entry 146 (Docket Entry

Nos. 146, 152, and 153) is **GRANTED**. The amount of such fees will be determined by Judge Bryant.

It is so **ORDERED**.

**ENTERED** this the 25th day of March, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court